IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOLTON, ALLEN & WILLIAMS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 6924 |
| | ) | |
| CONTINENTAL CASUALTY INSURANCE COMPANY, | ) ) | |
| | ) | Judge Amy J. St. Eve |
| Defendant. | ) | Magistrate Judge Geraldine Soat Brown |

## MOTION FOR RULE 58 JUDGMENT AND FOR STAY

Plaintiff Molton, Allen & Williams, LLC ("MAW"), moves this court to enter a Rule 58 judgment on the Amended Complaint for Injunction and Declaratory Judgment, and for a stay of the arbitration pending appeal:

On March 3, 2010, this court granted defendant Continental Casualty Insurance Company's ("CNA") motion to compel arbitration and stayed the district court proceedings pending the arbitration [Doc. 24]. Because the court's decision left nothing for the district court to do but confirm an arbitration award, MAW moves the court to enter a Rule 58 judgment to that effect. The Seventh Circuit has authorized the district court to do so in instances where a party wishes to appeal an order compelling arbitration. *See American Int'l Specialty Lines Ins. Co. v. Electronic Data Systems Corp.*, 347 F.3d 665 (7th Cir. 2003) (Posner, J.). Contemporaneous with its request for a Rule 58 judgment, MAW moves the court to stay the arbitration pending MAW's appeal to the Seventh Circuit. MAW will request that the appeal be expedited in order to bring this matter to a speedy conclusion and limit any delay resulting from such appeal.

In *American Int'l*, the plaintiff ("AISLIC"), like here, brought a complaint for injunction and declaratory judgment against the defendant ("EDS/SHL") seeking to enjoin EDS/SHL from proceeding with an arbitration, while asking the court to declare that EDS/SHL's underlying claim was meritless. *Id.* at 667. EDS/SHL moved to compel arbitration, and the court granted the motion, while staying the remainder of the case pending arbitration. *See id.* at 668 (explaining the ambiguity of the district court's order and why, nonetheless, the Seventh Circuit interpreted the district court's order as a *stay* rather than a dismissal). AISLIC appealed from the order under 9 U.S.C. § 16(a)(3) (stating that an appeal may be taken from "a final decision with respect to an arbitration that is subject to this title"). However, the Seventh Circuit dismissed the appeal because the district court had not entered a Rule 58 judgment (or rather, as the Seventh Circuit explains later, the parties had not yet *attempted* to obtain such a judgment—the *attempt* being more important than the actual entry of the judgment). *See id.* at 667-69 (holding that there was appellate jurisdiction because "by seeking the entry of a Rule 58 judgment [AISLIC] made a *bona fide* effort to obtain appellate review . . . .").

On remand following the dismissal of the appeal, the parties jointly sought a Rule 58 judgment in order "to have the issue of arbitrability settled as soon as possible . . . ." *Id.* at 669. The district court, however, did not act on the request and the parties proceeded to arbitration on the (false) assumption that they did not have a final and appealable order absent a Rule 58 judgment. *Id.* After the arbitrator adjudicated the parties' dispute and entered an award in favor of EDS/SHL, AISLIC appealed. The Seventh Circuit held that the order compelling arbitration was final and appealable because the parties had sought a Rule 58 judgment (even though the district court never entered one), and because the district court, in granting the motion to compel arbitration, had left nothing to decide but to confirm the arbitration award. *Id.* at 668-69.

As stated earlier, AISLIC, in addition to seeking to enjoin the arbitration, also sought a declaratory judgment on the merits of the dispute (like here). Even so, the district court, when it ruled on the motion to compel arbitration, essentially held that the entire matter was subject to arbitration (including the count for declaratory relief). As such, the Seventh Circuit held that the district court's order was final and appealable. "[I]f *all* the judge is retaining jurisdiction for is to allow the arbitrator's award to be confirmed without the need for the filing of a separate lawsuit, the order to arbitrate is final (final enough might be the better way to put it) and therefore immediately appealable." *Id.* at 668. This is true "even if [the district judge] has failed to enter a Rule 58 judgment." *Id.* at 669.

In its Amended Complaint for Injunction and Declaratory Judgment, MAW included six counts. Count I asked the court to declare that the arbitration provision was void and unenforceable for lack of mutuality [Doc. 6, p. 10]. The court ruled on this count by finding that there was other consideration to support the arbitration provision and therefore mutuality of obligations was unnecessary [Doc. 24, pp. 6-11]. Count II requested an order enjoining the arbitration from proceeding any further [Doc. 6, pp. 10-11]. The court rejected this count by finding that the dispute needed to be arbitrated [Doc. 24, p. 16]. Count III requested a declaration that the statute of limitations barred litigation of the dispute [Doc. 6, pp. 11, 12]. The court ruled on this count by finding that the statute of limitations issue had to be decided before an arbitrator [Doc. 24, pp. 11-13]. Counts IV, V, and VI involved the underlying merits of the dispute between CNA and MAW [Doc. 6, pp. 12-14]. However, the court held in its ruling on the motion to dismiss that the entire matter had to be arbitrated [Doc. 24, p. 16].

Therefore, there is nothing left for the court to decide other than confirming an arbitration award. In accordance with the Seventh Circuit's holding in *American Int'l*, the district court

should enter a Rule 58 judgment disposing of this entire matter (albeit keeping the stay in place, as in *American Int'l* ). Even though a Rule 58 judgment is not necessary in this instance to create appellate jurisdiction, the Seventh Circuit has demonstrated in *American Int'l* that the entry of such a judgment is nonetheless appropriate in this context. Even if the court should decline to enter a Rule 58 judgment, MAW must ask the court to do so in order to show that it has made a "*bona fide* effort to obtain appellate review." *Id.* at 669. The district court's order compelling arbitration, however, is immediately appealable nonetheless.

As shown above, because MAW has the right to appeal the court's order compelling arbitration in this instance, it would be a useless and expensive exercise to proceed with arbitration in the meantime. Because the Seventh Circuit may reverse and find that this case presents matters for this court, rather than an arbitrator, to decide, MAW asks the court to stay[1] the arbitration pending the outcome of the appeal. *Cf. Int'l Medical Group, Inc. v. American Arbitration Ass'n, Inc.*, 312 F.3d 833, 843 (7th Cir. 2002) (holding that it is appropriate for a party objecting to the arbitration of a particular dispute to "obtain relief by seeking a stay against the party bringing the arbitration"). In order to minimize any delay in resolving this matter, MAW intends to ask the Seventh Circuit to expedite the appeal of this matter.

WHEREFORE, MAW requests that this court enter a final Rule 58 judgment with respect to all counts in the Amended Complaint for Injunction and Declaratory Judgment, and for an order staying the arbitration pending MAW's appeal.

> Respectfully submitted,
>
> s/ G. Christopher Slick
> Counsel for plaintiff

---

[1] Actually, because MAW does not ask the court to stay its own *judgment*, but instead seeks to enjoin CNA from proceeding with the arbitration pending appeal, the more appropriate form of relief may be for the court, pending appeal, to grant the injunctive relief MAW requested in its motion for a preliminary injunction [Doc. 16]. *See* Fed. R. Civ. P. 62(c).

G. Christopher Slick
TRIBLER ORPETT & MEYER P.C.
225 W. Washington Street, Suite 1300
Chicago, IL 60606
(312) 201-6400

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of plaintiff Molton Allen & Williams, LLC's Motion for Rule 58 Judgment and for Stay was served upon:

> James W. Kienzle
> Mark D. Wilcox
> Walker Wilcox Matousek LLP
> 225 West Washington Street
> Suite 2400
> Chicago, IL 60606-3418 USA
> jkienzle@wwmlawyers.com
> mwilcox@wwmlawyers.com

Service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 10th day of March, 2010, with proper postage prepaid.

s/ G. Christopher Slick
_____
an Attorney